IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CARLOS M. YOUNG,

    Petitioner,

    v().

(FNU) HUDSON,

    Respondent.

Case No. 22-3192-JWL-JPO

## MEMORANDUM AND ORDER

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2241. Petitioner, a prisoner in federal custody, proceeds pro se. The court has undertaken a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1] For the following reasons, the court will order the transfer of this matter to the United States District Court for the Middle District of Tennessee.

### Discussion

Petitioner challenges the calculation of his federal sentence. This challenge is properly presented in a petition under 28 U.S.C. § 2241, which attacks the execution of a sentence rather than its validity. *Licon v. Ledezma*, 638 F.3d 1303, 1311 (10th Cir. 2011).

A petition brought under § 2241 must be filed in the district where the petitioner is confined. *Licon, id.* (citing *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996)). Because petitioner is incarcerated in Tennessee, under the supervision of the Residential Reentry

---

[1] A district court may apply Rule 4 to a habeas corpus petition brought under any other provision. Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts.

Management Field Office in Nashville, Tennessee[2], this action cannot proceed in the District of Kansas.

Because this petition was filed in the wrong district court, the court must consider whether to dismiss the petition without prejudice or to transfer it to the appropriate court. Under 28 U.S.C. § 1631, if a civil action is filed in a forum that lacks jurisdiction over the matter, "the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court … in which the action or appeal could have been brought at the time it was filed…." The Tenth Circuit has identified several factors which should be considered in deciding whether to dismiss or transfer an action that was improperly filed. These factors include whether the claims are likely to have merit, whether a new action would be time-barred, and whether the original action was filed in good faith. *Trujillo v. Williams*, 465 F.3d 1210, 1223 n. 16 (10th Cir. 2006).

The court has considered the record and finds the interest of justice warrants the transfer of this matter, as petitioner's claim is filed in good faith and merits review.

THE COURT THEREFORE ORDERS that the clerk of the court shall transfer this matter to the United States District Court for the Middle District of Tennessee.

IT IS SO ORDERED.

Dated: September 6, 2022                    /s/  John W. Lungstrum
                                            JOHN W. LUNGSTRUM
                                            UNITED STATES DISTRICT JUDGE

---

[2] The Court has verified the petitioner's place of confinement through the Bureau of Prisons' Inmate Locator database maintained at www.bop.gov/locations.